RENDERED:  JUNE 28, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1302-MR

LEONARD W. DAY                                     APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.           HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 02-CR-00273

COMMONWEALTH OF KENTUCKY                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND LAMBERT, JUDGES.

COMBS, JUDGE:  Appellant, Leonard William Day (Day), *pro se*, appeals from an Order of the Boone Circuit Court denying his motion to suspend further execution of his final sentence and to modify its status from consecutive to concurrent.  After our review, we affirm.

Day was convicted of complicity in the savage killing of his former girlfriend.  The underlying facts are set forth in the direct appeal affirming Day's

convictions, *Day v. Commonwealth*, No. 2004-SC-000039-MR, 2006 WL

2707960, (Ky. Sep. 21, 2006), which we recount as follows:

> Appellant's conviction arose from charges brought against him for the murder of his former girlfriend, Tina Rae Stevens, whose skeletal remains were found in Boone County on April 10, 2000. . . .

> . . .

> Several former cellmates of Appellant testified that he admitted to having a role in the killing and that he described the event in detail. One cellmate said that Appellant claimed Hueitt[1] found him and Stevens together, confronted them, and attacked Stevens, hitting her in the head several times and cutting her throat with a knife. Stevens fell down and Hueitt continued arguing with Appellant. Stevens was bleeding but still alive at this point, but Appellant claimed that she had suffered a fatal wound. He then "finished" the job "out of compassion" by stabbing Stevens in the back of skull with the knife. They then cut Stevens's head and fingers off, put the body in a clothes bag, and dumped it by the river. Another cellmate said that Appellant claimed Hueitt did everything. A third cellmate overheard Appellant say, "She didn't do it right and I had to finish her off," and that no one would care about the victim because she was a prostitute.

> . . .

> The jury found Appellant guilty of complicity to murder and tampering with physical evidence, and of being a first-degree persistent felony offender (PFO). He was sentenced to thirty years for the murder and five years for tampering with physical evidence, enhanced to twenty for the PFO, to be served consecutively for a total

---

[1] Hueitt was Day's girlfriend at the time of Stevens's murder.

of fifty years.

*Id.* at \*1-3.

In 2006, Day moved the trial court to vacate his convictions under CR[2] 60.02 and RCr[3] 11.42 based upon alleged ineffective assistance of counsel and actual innocence. Following an evidentiary hearing, the trial court denied Day's motion. This Court affirmed that denial in *Day v. Commonwealth*, Nos. 2010-CA-000315-MR, 2010-CA-001188-MR, 2012 WL 3136666 (Ky. App. Aug. 3, 2012).

On September 14, 2022, Day filed a "motion to suspend further execution of final sentence and modify said sentence of consecutive to concurrent," the subject of this appeal. Day argued that the offenses with which he was charged actually constituted one continuous crime -- albeit charged in two counts. Day acknowledged that he did not have a good legal argument. However, he contended that there was never any consideration given to a concurrent sentence and that his trial attorney did not attempt to present any mitigating factors at sentencing.[4]

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Rules of Criminal Procedure.

[4] Day appears to have abandoned this apparent RCr 11.42 argument on appeal.

On April 27, 2023 the trial court entered an Order[5] denying Day's motion as follows in relevant part:

> Defendant asks the Court to modify his sentences to run concurrently . . . .
>
> . . .
>
> The Commonwealth responded by noting the Defendant has already sought relief pursuant to RCr 11.42 when he filed a Motion in 2008 that was ultimately overruled following an evidentiary hearing.  As to Defendant's argument that the offenses committed were one continuous crime, the Commonwealth asserts the same fails the test as set forth in *Blockburger v. United States*, 284 U.S. 299 (1932) and as codified in KRS[6] 505.020.  In light of the foregoing, the Commonwealth argues Defendant is not entitled to relief.  The Court agrees.
>
> . . .
>
> . . . The Defendant has already fully litigated an RCr 11.42 in this matter.  Further, by Defendant's own concession, his argument made under KRS 532.110 is not supported by law.  Therefore, the Court finds Defendant is not entitled to the relief sought.

Day appealed this Order.

The standard governing our review is abuse of discretion.

*Commonwealth v. Moore*, 664 S.W.3d 582 (Ky. 2023).  Day contends that the trial

---

[5] The Order was deemed effective as of September 7, 2023, by *nunc pro tunc* Order entered that date.

[6] Kentucky Revised Statutes.

court erred by failing to merge his convictions for complicity to murder and tampering with physical evidence "because the two offenses were simultaneously committed in [a] single course of conduct and a single state of mind." Day further contends that *Blockberger* is not applicable and that his previous post-conviction challenges did not bar the circuit court from addressing his claim of an illegal sentence.

> KRS 505.020 is a codification of the rule set down in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 2d 306 (1932), which case states:
>
> > The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Alexander v. Commonwealth*, 766 S.W.2d 631, 632 (Ky. 1988). In relevant part, KRS 505.020 provides:

> (1) When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:
>
> > . . .
>
> > (c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless

the law expressly provides that specific periods of such conduct constitute separate offenses.

"KRS 502.020(1)(c) is not designed to prevent multiple convictions of different offenses arising from a single course of conduct." *Biederman v. Commonwealth*, 434 S.W.3d 40, 44 (Ky. 2014).

We agree with the Commonwealth that KRS 502.020(1)(c) is inapplicable to Day's case because he was convicted of two separate crimes.

Day is correct that "the mode of attack or time when the attack is brought are immaterial when the issue is an illegal sentence." *Moore*, *supra*, at 590. However, Day's sentence is valid and the trial court did not abuse its discretion in denying Day's motion. KRS 532.110(1) ("When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime . . . the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence[.]"). We find no error.

We affirm the Order of the Boone Circuit Court denying Day's motion to suspend further execution of final sentence and to modify that sentence of consecutive to concurrent.

ALL CONCUR.

-6-

BRIEF FOR APPELLANT:

Leonard William Day, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Kristen L. Conder
Assistant Attorney General
Frankfort, Kentucky